# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2027

_____

United States of America

*Plaintiff - Appellee*

v.

Wesley Dillon, Sr.

*Defendant - Appellant*

_____

Appeal from the United States District Court
for the District of South Dakota

_____

Submitted: October 21, 2013
Filed: November 29, 2013
[Unpublished]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Wesley Dillon, Sr., appeals the 60-month sentence imposed by the district court[1] following his guilty plea to felony child abuse. Dillon contends the court erred

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

by considering unreliable evidence when determining the applicability of two upward departures and by imposing a substantively unreasonable sentence. We affirm.

Dillon was indicted and charged with aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2), and child abuse in violation of 18 U.S.C. § 1153 and South Dakota Codified Laws § 26-10-1. The charges stemmed from Dillon's alleged sexual abuse of J.D., the then eight-year-old daughter of his long-time girlfriend. Pursuant to a plea agreement, Dillon pleaded guilty to the child abuse count while the aggravated sexual abuse count was dropped.

The Presentence Investigation Report established an offense level of 5, and Dillon's criminal history level was VI, which resulted in an advisory guidelines imprisonment range of nine to fifteen months. The district court determined two upward departures applied. First, the court concluded a departure under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3(a)(1) was appropriate because Dillon's criminal history category "substantially under-represents the seriousness" of his past criminal conduct. Second, the court determined an upward departure was also appropriate under U.S.S.G. § 5K2.21 to reflect the dismissed aggravated sexual abuse conduct. The government presented extensive evidence regarding Dillon's sexual abuse of J.D., and the court found there was "sufficient proof by the preponderance of the evidence that three or four sexual assaults had occurred." The court determined Dillon's offense level to be 17, producing an adjusted guidelines range of fifty-one to sixty-three months. The district court then sentenced Dillon to sixty months in custody and three years of supervised release.

Dillon contends the district court improperly considered hearsay evidence and that the evidence "was simply incompetent to warrant an upward departure." He also argues the district court erred in considering evidence of the dismissed charge.

Courts have "wide discretion at sentencing as to the kind of information considered or its source." United States v. Pratt, 553 F.3d 1165, 1170 (8th Cir. 2009). "A court may consider all relevant evidence at sentencing, regardless of its admissibility under the rules of evidence, provided that the evidence has 'sufficient indicia of reliability.'" United States v. Rodriguez-Ramos, 663 F.3d 356, 364 (8th Cir. 2011) (quoting United States v. Ortiz, 636 F.3d 389, 393 (8th Cir. 2011)). "The evidence need not be limited to evidence relating to the scope of the crimes charged and may include uncorroborated hearsay, provided the defendant is given a chance to rebut or explain it." Id. (internal quotation marks omitted).

We find no support for the assertion that any testimony offered was incompetent or unreliable. Further, the district court acted well within its discretion in considering other relevant evidence, including hearsay and evidence of uncharged or dismissed conduct. Therefore, we conclude the district court did not err in departing upward based on its finding that Dillon sexually abused J.D.

Reviewing the substantive reasonableness of Dillon's sentence, we find no abuse of discretion. See Gall v. United States, 552 U.S. 38, 49, 51 (2007). Here, the district court did not abuse its discretion in imposing a sentence which fell outside the guidelines range. The record supports the court's upward departure under either U.S.S.G. § 4A1.3(a)(1) or U.S.S.G. § 5K2.21. It heard compelling evidence of Dillon's sexual abuse of J.D. and reviewed Dillon's extensive criminal history. The court considered the statutory factors set forth in 18 U.S.C. § 3553 and sufficiently explained its reasoning.

For the foregoing reasons, we affirm Dillon's sentence.

_____